## DUGGAN v. ACUFF et al.   (No. 10181.)

Court of Civil Appeals of Texas. Dallas.
April 7, 1928.

**Bills and notes ⬅501—Mortgages ⬅461— Refusal to admit note and trust deeds because creditors' list was not attached held error, where note was complete without list.**

In suit on note and for foreclosure of trust deeds securing note, court's refusal to admit such instruments in evidence because a list of defendants' creditors was not attached under the note, as promised under agreement of debtors to give note and collateral trust deeds in return for creditors' agreement not to sue immediately, *held* error, where it was not intended that list should become a part of note or to render it incomplete by a failure to either attach or detach list.

Appeal from District Court, Dallas County; E. E. Hurt, Special Judge.

Suit by K. H. Duggan, trustee, against M. S. Acuff and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Davis, Synnott & Hatchell, of Dallas, for appellant.

George T. Burgess, of Dallas, and Sullivan, Speer & Minor, of Denton, for appellees.

JONES, C. J. Appellant, K. H. Duggan, has prosecuted this appeal from a judgment adverse to him in a district court of Dallas county, in a suit instituted by him as trustee against appellees M. S. Acuff and wife, Mintie Acuff, Carl A. Gardner and wife, Mamie Gardner, and L. W. Richards and wife, Josephine Richards. The suit was based upon the following facts:

M. S. Acuff and wife were general merchants in the city of Denton, Tex., and in the conduct of such business had incurred a mercantile indebtedness to the extent that in January, 1922, they were unable to meet same as it matured. They believed, however, if their creditors would grant them an extension of time to the latter part of the year, they would be able to pay all they owed. After a conference with those of their creditors who maintained mercantile houses in the city of Dallas, a plan to secure such extension was agreed to by Acuff and said Dallas creditors. Acuff reported at this meeting that the total of mercantile indebtedness owing by his firm amounted to approximately $9,100, as shown by his books. Under the plan of extension accepted by these Dallas creditors, and to be presented for acceptance to all of the other creditors, appellant was to act as trustee for all creditors, and a note in the sum of $9,100, the ascertained amount owing by the Acuff firm, was to be executed to appellant as such trustee by Acuff and wife, such note to bear interest from date at the rate of 8 per cent. per annum, and to mature November 1, 1922. The payment of this note was to be secured by deeds of trust executed by Acuff and wife to appellant, as such trustee, on tracts of land owned by them in Denton and in Gonzales counties. Two other deeds of trust were to be executed, respectively, by Carl A. Gardner and wife and L. W. Richards and wife, on land located in Lubbock and Jones counties, the legal title to said tracts of land standing in the names of the respective parties.

On March 1, 1922, as a part of the plan to secure the extension, the following note was duly executed by Acuff and wife and delivered to appellant:

"$9,100.00              No. ——.
"Dallas, Texas, 3/1 A. D. 1922.

"On or before November 1st, 1922 after date, for value received, I, we or either of us promise to pay to the order of K. H. Duggan, trustee, ninety-one hundred and no/100 dollars at Dallas, Texas, with 8 per cent. interest per annum from date until paid.

"And in the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection, or suit is brought on the same, or same is collected through the probate court, then—agree that an additional amount of ten per cent. on the principal and interest of this note shall be added to the same as collection fees.

"Due 11—1—22.
           "[Signed] M. S. Acuff.
               "Mintie A. Acuff.
"Address: Denton, Texas."

On March 24, 1922, the deeds of trust on the Denton and Gonzales county lands were each duly executed by Acuff and wife to appellant as trustee. On April 6, 1922, L. W. Richards and wife, Josephine Richards, executed a deed of trust to appellant as trustee on the land in Jones county. On March 29, 1922, Carl A. Gardner and wife, Mamie Gardner, executed to appellant as trustee a deed of trust on the land in Lubbock county. Each of the above deeds of trust described the above note and contained the following clause:

<hr/>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

'The nature of this deed of trust being that M. S. and Mintie A. Acuff are operating a mercantile business in the town of Denton, Denton county, Texas, and that they at this time of the execution of this instrument, find themselves owing their general mercantile creditors the sum of $9,100.00, which amount they are unable, at this time, to pay. It being necessary to obtain an extension from all of their creditors until fall, this deed of trust is given to said K. H. Duggan, as trustee, for the benefit of all the said creditors of said Acuff and Co., and the above described note is executed as a memorandum note covering all indebtedness. It is further understood that this deed of trust given to said K. H. Duggan, trustee, to secure all of the various and sundry creditors of Acuff and Co., a list of which creditors, together with amounts owing each thereof, shall be attached to the promissory note above described. It is further understood and agreed that each creditor shall share and share alike, in this security, in accordance to the amount of their respective claims."

Practically all of the creditors not represented at the meeting duly notified appellant of their acceptance of the plan for the extension of time to Acuff and wife. The suit filed by appellant has for its purpose the recovery of a substantial balance of this indebtedness due said creditors, and to foreclose the deed of trust liens on the tracts of land described in the various deeds of trust. The relief asked against appellees Richards and wife and Gardner and wife was that of foreclosure only on the land described in the respective deeds of trust executed by them. The term "appellees" will refer to Acuff and wife only.

Appellees challenged the right of recovery by a plea of failure of consideration of the note, and by various other pleas not necessary here to set out, other than to say that such pleas, if established, were sufficient to defeat appellant's suit. In addition to their defensive pleading, they also impleaded Vernor Hall, and sought the recovery of damages against him, because of his connection with the subject-matter of the suit, by reason of alleged acts and conduct of his in relation to a deed of assignment of their stock of goods, for the benefit of their creditors, they had executed to him, subsequent to the execution of the said note and the deeds of trust. After appellant had concluded his testimony, the court gave peremptory instructions in favor of all defendants, and judgment was entered accordingly. When the court announced that such peremptory instructions would be given, appellees voluntarily dismissed their suit for damages against Vernor Hall, and the issues made by that portion of the suit are not before this court for review.

After maturity of the said note, appellant, as trustee, filed a suit in the district court of Denton county similar to the instant suit. While this suit was pending, certain creditors of appellees, by petition filed in the District Court of the United States for the Eastern District of Texas, sought to have appellees adjudged involuntary bankrupts. This suit was resisted by appellees, and during its pendency, on July 14, 1923, the petitioning creditors made an agreement with appellees that the suit filed in the district court of Denton county should be dismissed and proceedings in the bankruptcy suit be suspended until October 15, 1923, and if appellees on said date shall have paid 85 per cent. of the indebtedness then owing such creditors, such payment would be acknowledged as a payment in full, and the bankruptcy suit be dismissed. It is provided in this agreement that the note and the deeds of trust executed to appellant shall be specifically ratified. On October 13, 1923, a similar agreement was made by the parties, extending the time of payment to November 15, 1923, but providing that appellees should pay the indebtedness in full by said time. Before this time had expired, another extension was made by similar agreement to January 15, 1924. In each of these supplemental agreements the said note and deeds of trust were again specifically ratified.

After appellant had introduced in evidence the note in question and deeds of trust, on the trial of the case the trial court sustained the motion of appellees to strike from the record all of said evidence, in substance for the reason that no list of creditors was attached to the note, in violation of the agreement recited in the deeds of trust that such list shall be attached to said note, and that such instruments were therefore incomplete. The note did not bear any physical marks of said list ever having been attached thereto, and appellant testified on direct examination that the list of creditors was attached to one of the deeds of trust, but on cross-examination testified that it was attached to the note. On both direct and cross-examination he testified that the list was attached when he delivered all the papers to his attorney, not an attorney in this suit, to institute the suit in the Denton county district court, and that said list was not so attached when the papers were returned, and that same is lost. Appellant prepared another list of creditors from data in his possession and from a list of creditors that had been furnished Vernor Hall by appellees, and testified that the list so prepared was an exact copy of the original list. After the introduction of this evidence, the note and deeds of trust were again offered in evidence, together with the substitute list of creditors. On objection of appellees, that a sufficient predicate had not been laid for the admission in evidence of the substituted list of creditors, in that the evidence offered did not show affirmatively that inquiry had been made of the attorney who

last had the alleged lost list in his possession, and that a search for same had been made by him, the admission of the evidence was denied.

On the theory that appellant's suit was based alone on the note and deeds of trust, the trial court gave peremptory instruction in favor of appellees at the conclusion of appellant's evidence. We agree with the trial court that appellant's right of recovery under his pleadings was restricted to a recovery on the note and a foreclosure of the deeds of trust, and that, as said instruments were not in evidence, appellant had failed to make a prima facie case on the evidence then before the court. The controlling question on this appeal therefore is: Did the trial court err in his rulings in reference to the admission in evidence of these instruments?

It will be noted that the note was executed on March 1, 1922, and is complete within itself. It makes no reference to any list of names from whom appellant, as payee in the note, was to act as trustee. It will be presumed that both the makers and the payee in the note knew for whose benefit the note was executed. The deeds of trust, in the clause invoked by appellees, made it clear that the trusteeship created was to be for the benefit of all the mercantile creditors of appellees. The clause then provides that a list of these creditors shall be made out (necessarily by appellant) and attached to the note. For what purpose was this list to be made? Was it to foreclose the right of any other such creditor whose name might happen to be omitted from the list? We do not think so, for in that event the deeds of trust and the note would not be for the benefit of all the creditors, and the evident purpose of the agreement would be thus partially defeated. Was it intended by the agreement that, if the list was not so attached, both the note and deeds of trust would thereby be invalidated? We do not think so, for, if such was to be the penalty for failure to perform this agreement, it would certainly have been so declared, both in the note and in the deeds of trust.

In our opinion, the list was to be prepared and attached merely as a written memorandum of those who were ascertained at that time to be beneficiaries of appellant's trust. It was never intended to become a part of the note, or to render it incomplete by a failure either to attach or to detach it. Appellant represented as trustee all the mercantile creditors of appellees, and the identity of such creditors and the amounts owing them are matters susceptible of proof by just as positive and direct evidence as would have been the case if the said list had been attached to the note. This list was prepared with the knowledge of only a few of the creditors, and, if binding on any, could have been only on this small number. It was contemplated that appellant would communicate at once with these creditors and secure their acceptance of the agreement of extension. We therefore are of the opinion that the court erred in sustaining the motion to strike out this evidence.

It is not deemed necessary to discuss any other assignment of error, for the reason that it is unlikely such matters will arise again on a trial of this case. For the errors pointed out, it is our opinion that this case should be reversed and remanded.

Reversed and remanded.